UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBYN L. HAYES<br>　　　Plaintiff,<br><br>v.<br><br>AAA EAST CENTRAL,<br><br>　　　Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES Plaintiff, Robyn L. Hayes, by and through her attorney, Sean L. Ruppert., of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

## I. Nature of the Action

1. Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213 and the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §§951-963.

## II. Jurisdiction and Venue

2. This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's claims under the PHRA pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff, Robyn L. Hayes (hereinafter "Plaintiff") is an adult individual who currently resides at 705 McGowan Avenue, Unit 1, West Mifflin, PA 15122.

6. Defendant, AAA East Central (hereinafter "Defendant") is a non-profit member service organization that provides services, included by not limited to roadside assistance, located at 5900 Baum Boulevard, Pittsburgh PA 15219.

### IV. Facts

7. Plaintiff was hired by Defendant to work at the AAA East Central location on or about October 6, 2016, as a Membership Services Call Dispatcher.

8. Plaintiff has Crohn's Disease, a chronic inflammatory disease of the intestines, especially the colon and the ileum. Her symptoms include frequent, recurring diarrhea.

9. Plaintiff notified her manager, Adam Knight, of her disability as soon as she started working for Defendant.

10. Mr. Knight initially provided Plaintiff with reasonable accommodations in the form of approval for additional bathroom breaks.

11. April 12, 2017, Robert Boswell took over the manager position. He requested medical documentation proving that Plaintiff did, in fact, have Crohn's Disease.

12. Plaintiff provided this proof at her own cost.

13. Despite having medical documentation that states Plaintiff is diagnosed with Crohn's Disease, Mr. Boswell did not provide reasonable accommodation for her disability.

14. Mr. Boswell gave her retroactive written warnings for late arrivals that had already been excused by her former manager, Mr. Knight, due to emergency bathroom needs.

15. Lance Stahl, Defendant's Call Center Director, was then brought into the situation. Mr. Stahl did not give Plaintiff a reasonable accommodation for her disability but instead falsely accused her of releasing calls at the center during the second week of May.

16. Mr. Stahl threatened to dock Plaintiff's pay if she needed extra bathroom breaks.

17. Plaintiff denied these charges and therefore did not sign the written report.

18. On May 13, 2017, Defendant terminated Plaintiff.

19. Plaintiff filed an EEOC Charge (charge number 533-2017-01133) on or about July 21, 2017, against Defendant for certain unlawful employment discrimination, including but not limited to Defendant's violations of the Americans with Disabilities Act ("ADA") described in this complaint.

20. Plaintiff received a right to sue letter from the United States Department of Justice, Civil Rights Division, on or after January 23, 2018, for the above-referenced Charge (the right to sue letter is dated January 23, 2018).

## V. Causes of Action

### Count I

**Disability Discrimination in Violation of the ADA and PHRA**

21. All other paragraphs of this pleading are incorporated herein as if set forth at length.

22. Defendant paid Plaintiff on a regular payroll basis in exchange for duties performed by the Plaintiff, and for the Defendant, within its regular course of the Defendant's business. Defendant therefore constitutes an employer, and Plaintiff an employee, within the meaning of the ADA.

23. Plaintiff suffers from Crohn's Disease. Her symptoms include frequent, recurrent diarrhea.

24. Defendant was notified of, and fully aware of, Plaintiff's ADA-recognized disability at all times relevant hereto.

25. Plaintiff's disabilities substantially limit one or more major life activities, including concentrating, sitting, and standing.

26. Plaintiff requested, and was initially given, a reasonable accommodation of extra bathroom breaks.

27. Subsequently, after the hiring of a new manager, her reasonable accommodation of extra bathroom breaks was revoked.

28. Defendant refused to engage in an interactive process to determine reasonable accommodations for Plaintiff.

29. Defendant subsequently terminated Plaintiff, in whole or in part, because of her disability.

30. Plaintiff was willing and able to perform the essential functions of her job with a reasonable accommodation.

31. Plaintiff believes, and therefore avers, that Defendant terminated her due to disability discrimination in violation of the ADA and PHRA.

32. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the

court; compensatory damages; punitive damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

Respectfully submitted,

<u>/s/ Sean L. Ruppert</u>
Sean L. Ruppert, Esq.
Pa. ID. No. 314380
**KRAEMER, MANES & ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5550 (p)
412.637.0144 (f)
sr@lawkm.com

*Attorney for Plaintiff*